IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 40030
CHAPTER 13

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GREGORY E. HICKS, | ) |
| | ) |
| Debtor. | ) |
| | ) |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Petitioner, Julie D. Hicks, moves the Court for relief from the automatic stay. In support thereof, Petitioner shows the Court as follows:

1. Petitioner is listed as a Creditor of the Debtor and is a citizen and resident of Fulton County, Georgia.

2. Upon information and belief, Respondent/Debtor, Gregory E. Hicks is a citizen and resident of Polk County, North Carolina.

3. Petitioner and Respondent/Debtor are engaged in State Court litigation entitled Gregory E. Hicks, Plaintiff v. Julie D. Hicks, Defendant v. Ty W. Rininger, Intervenor, 11 CvS 37 (Polk County, North Carolina).

4. The Petitioner and the Respondent/Debtor were formerly married and entered into a Separation Agreement on May 27, 2003, in which the Respondent/Debtor agreed that Petitioner shall receive a one-half interest (10% of the total partnership interest) in the Respondent/Debtor's interest in J & C Partnership. A copy of the Separation Agreement is attached hereto as "Exhibit A."

5.  Subsequently, Respondent/Debtor agreed to assign unto Petitioner his remaining interest in J & C Partnership.

6.  The above referenced litigation was initiated by the Respondent/Debtor as an action for a declaratory judgment to determine the ownership of J & C Partnership interest and the income/distribution interest in such partnership.

7.  That one of the issues was the ownership of past partnership income/distributions that are currently held in escrow by the attorney for the Respondent, Travis Greene.

8.  Such partnership income/distributions are listed as a Bankruptcy Estate asset on schedules filed by the Respondent/Debtor.

9.  On December 19, 2012, the Honorable Mark Powell, Superior Court Judge, ordered that Julie Hicks is declared and confirmed to be the beneficiary of a 10% income/distributions interest and ordered that Travis Greene, as the attorney for the Respondent/Debtor, "issue immediately to Defendant Julie Hicks a check from his escrow account reflecting all proceeds he is holding from the distributions having previously been made from August 2011 forward reflecting the [Respondent/Debtor's] 10% income/distribution interest in the J & C Partnership." Further, Judge Powell ordered that if the "J & C Partnership continued to pay income or distributions from the J & C Partnership directly to the [Respondent/Debtor] (or his agent or assign)" then [Respondent/Debtor] is to pay to Petitioner "immediately . . . her awarded portion (10% of the total monthly income/distribution to all partners) of any such income or distributions." A copy of the Order signed by Judge Powell is attached hereto as "Exhibit B."

10. The income/distributions that Judge Powell ordered to be paid to Petitioner Julie Hicks are those funds that are claimed as assets by the Respondent/Debtor in Schedule B of his Chapter 13 Bankruptcy Petition.

11. In the Order of December 19, 2012, Judge Powell reserved for hearing the issue of the ownership interests of the parties in J & C Partnership.

12. The remaining issues reserved by Judge Powell were set for trial in Polk County on February 4, 2013.

13. The issues of the right to distribution and ownership of the J & C Partnership are issues generally of State Court jurisdiction involving Equitable Distribution and/or rights granted under terms of separation agreement between the Petitioner and the Respondent/Debtor.

14. The State Court has already ruled on the issue of ownership of the funds contained in the Trust Account of Travis Greene, as attorney for the Respondent/Debtor and the State Court would have heard all other issues regarding the ownership of the J & C Partnership on February 4, 2013, if the Respondent/Debtor had not filed his Chapter 13 Petition.

15. The resolution of the remaining State Court issues was stayed by the filing of the Chapter 13 Petition on the eve of trial on January 16, 2013.

16. The State Court is the proper forum to hear the equitable distribution issues as such relate to the ownership of the J & C Partnership and the ownership of the funds held by the Travis Greene as Attorney for the Respondent/Debtor.

17. The interest of justice would be served if the State Court forum is able to complete its' adjudication of the claims of the Petitioner, the Respondent and Ty W.

Rininger as Intervenor, and enforce the existing judgment of the State Court regarding the funds held in Escrow by the Respondent's Attorney in the State Court Action.

WHEREFORE, the Petitioner prays the Court as follows:

That she be granted relief from the § 362 automatic stay herein so that she and the Petitioner may complete the adjudication of their claims to the ownership of the J & C Partnership and the distribution/income from said partnership with the Intervenor Ty W. Rininger.

This the 13th day of February, 2013.

s/Ervin W. Bazzle
State Bar No.: 12119

For Eugene M. Carr III
NC Bar No.: 12891
Attorney for Petitioner
PO Box 608
Hendersonville, NC 28793
Telephone: (828) 697-4327
Fax: (828) 697-8803
E-mail: gcarr@bazzleandcarrlaw.com

## CERTIFICATE OF SERVICE

I, Eugene M. Carr, III, attorney for the Petitioner, Julie Hicks, certify:

That on February 5, 2013, I served the foregoing Motion for Relief from Stay, on the following parties to this action, by depositing copies of the same in the United States Mail, in a first-class, postage paid, envelope or wrapper, and addressed as follows:

Edward C. Hay, Jr.
Attorney for Debtor
137 Biltmore Ave.
Asheville, NC 28801

Steven G. Tate
Chapter 13 Bankrutcy Trustee
212 Cooper St.
Statesville, NC 28677

I certify under penalty of perjury that the foregoing is true and correct.

This the 13th day of February, 2013.

        s/Ervin W. Bazzle
        State Bar No.: 12119

        For Eugene M. Carr III
        NC Bar No.: 12891
        Attorney for Petitioner
        PO Box 608
        Hendersonville, NC 28793
        Telephone: (828) 697-4327
        Fax: (828) 697-8803
        E-mail: gcarr@bazzleandcarrlaw.com

EXHIBIT A

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA
## FAMILY DIVISION

JULIE HICKS
  Petitioner

and

GREG HICKS
  Respondent


FILED IN OFFICE
MAY 2 7 2003

Civil Action File No.: 2003CV68106

### SEPARATION AGREEMENT

This agreement is entered into between JULIE HICKS and GREG HICKS.

### ARTICLE 1: GENERAL PROVISIONS

1. **Marriage and Separation.** The parties were married to each other on October 9, 1982 in Cincinnati, Ohio. The parties were separated on February 14, 2001 and have lived in a *bona fide* state of separation since then.

2. **Settlement.** Because of irreconcilable differences in our marriage, this agreement made to settle once and for all what is owed to each



other and what can be expected to be received from the other.

3. **Disclosure.** Nothing has been held back, each party has honestly included everything in listing assets and debts, and that each believes the other has been open and honest in writing this agreement. The parties waive the requirements of formal financial disclosures.

4. **Voluntary.** This agreement is entered into freely and voluntarily. Each party either consulted with an attorney or had the opportunity to consult with an attorney prior to signing this agreement. Steven R. Jacob represented the wife in this matter and prepared this agreement. Lisa Haddock-Malas represented the Husband.

5. **Separation.** Each party has the right to live separate and apart from each other, free from harassment or interference by the other.

6. **Waive Estate Claim.** Each party waives, releases and relinquishes all rights that he or she may have to take against the Estate of the other, or to act as executor of the other's Estate.

7. **Further Assurances.** Each party agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc. Within a reasonable period of time, upon written demand, unless specific times otherwise set forth above, the

parties shall execute, acknowledge, and deliver all documents or instruments required to carry out the provisions and intent of this agreement. The terms of this agreement are binding on the parties' heirs, assigns and estates.

8. **General Release.** This instrument constitutes a complete, general and mutual release of all claims or interest whatsoever against each other except for the terms set forth in this agreement.

9. **Attorney's Fees.** If either party institutes litigation to seek enforcement of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs. Each party pays their own attorney's fees and costs in this proceeding.

10. **Tax Advice.** The parties hereby acknowledge and agree that each has had the opportunity to retain his/her accountant, certified public accountant, tax advisor, or tax attorneys with reference as to the tax implications of this agreement. Both parties hereby acknowledge that neither has relied upon the tax advise that may or may not have been given by the respective attorneys who have represented them in negotiating this agreement and the divorce proceedings. Further, both parties acknowledge that each party has been advised by their

respective attorneys to seek his or her own independent tax advise by retaining an accountant, certified public accountant, tax advisor, tax attorney, or tax advisor with reference to the tax implications involved in this agreement. The parties acknowledge and agree that their signature to this agreement serves as their acknowledgment that they have read the particular paragraph, and had an opportunity to seek independent tax advise.

11. **Indemnification.** Indemnification provided for in this agreement shall include the cost to defend any such claim, including reasonable attorney's fees; and releases all rights of dower, curtsey, homestead, spouse's elective shares, or inheritance, as well as any other rights that they have or hereafter have in the other parties personal property or estate by reason of the marriage, during the other party's lifetime or after the other party's death, and shall execute, acknowledge and deliver at the request of the other party or their legal representative, without cost or expense of other party, all instruments which may be necessary to effectuate this release.

12. **Severability.** In the event that a Court of competent jurisdiction shall make a determination of one or more provisions of this agreement are unenforceable or void, then the husband and wife agree that

nevertheless, the remaining provisions of this agreement shall continue, in full force and effect.

13. <u>Incorporation of Agreement without Merger</u>. If either party institutes a proceeding for support or for divorce, then this agreement shall be a final settlement of those rights and shall be incorporated by reference into any final order or judgment. However the terms of this agreement shall not merge into the final order or judgment but shall survive the order or judgment.

## ARTICLE II. MARITAL ASSETS AND LIABILITIES

<u>Division of Assets</u>. The parties divide their assets as follows: Any personal item not listed below is the property of the party currently in possession of the item.

14. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:

    a. Since the parties have already divided the proceeds from the sale of the marital home, wife shall be entitled to the home and furnishings located at 235 Hembree Rd, Roswell GA 30075 free from any claim of the husband.

    b. Wife shall receive one-half of the husband's interest in a



partnership known as J&C Partnership, which currently owns a warehouse in Indiana. Husband will make sure that the partnership papers are amended to reflect that the wife owns one-half of the husband's interest. The parties will equally share in the income, distributions, depreciation and any other economic benefit or consequence of owning that partnership interest, except as otherwise provided in this agreement.

c. Wife will retain her IRA in the approximate amount of $3300.

d. Wife shall be entitled to a portion of the husband's 401K at Vanguard equal to the total of his annuities with Aetna plus one-half of the balance in the 401K. A Qualified Domestic Relations Order shall effect the distribution to the wife.

e. Wife shall be entitled to one-half of the husband's pension from Bunzl, valued as of the date of signing this agreement. A Qualified Domestic Relations Order shall effect the distribution to the wife.

f. Wife will remain a custodian on the children's educational accounts.

g. Wife shall be entitled to ownership of the Ford Explorer.

15. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:



    a. Husband shall retain his share of the proceeds from the sale of the marital home.

    b. Husband shall retain one-half of his partnership interest in J&C Partnership after transferring one-half of his interest to the wife.

    c. Husband shall retain his IRA in the approximate amount of $3300.

    d. Husband shall retain his Aetna annuities.

    e. Husband shall transfer to the wife from Husband's 401K (Vanguard) an amount equal to his Aetna annuities plus one-half of the remaining balance. He shall retain the remaining balance in his 401K.

    f. Husband shall transfer one-half of his pension with Bunzl, by QDRO, to the wife, valued as of the date of this agreement and he shall retain his remaining interest.

16. **Division of Debt.** Neither party shall incur any debt that the other party may be liable for. Each party shall be liable for the debts in their respective name and shall indemnify the other and hold them harmless.

## ARTICLE III. SPOUSAL SUPPORT (ALIMONY)

17. In addition to the Wife receiving ½ of the income from the partnership interest in the J&C Partnership, the Husband shall pay to the Wife the



husband's share of income from his remaining partnership interest in J&C Partnership but in no event less than $4,150 per month commencing upon the date of this agreement continuing monthly on the same date of the month through May 2010. Of that amount, $3,000 shall be considered child support and the balance shall be treated as alimony.

18. The husband's obligation to pay alimony shall terminate prior to May 2010 upon the husband's death, the wife's death or the wife's remarriage.

19. Husband will provide COBRA group health insurance for the wife at husband's expense for one year from the date of this agreement. That premium payment is considered alimony for tax purposes.

## ARTICLE IV: CHILD CUSTODY AND PARENTAL RESPONSIBILITY

20. The parties' children are: [

21. Legal Custody for the minor children will be joint, with the mother as the tie breaker, including but not limited to the following mutual rights and obligations:



    a.    Consult with each other upon the major decisions affecting the welfare of the child.

    b.    Assure frequent and continuing contact between the child and parent.

    c.    Decide jointly upon specific educational, living, financial, medical and legal matters and other matters concerning the child's welfare.

    d.    Set aside personal disharmony in favor of the best interests of the child.

    e.    Notify the other party of any serious illness or accident.

    f.    Have access to the child's records such as school, medical and dental.

22. **Physical Custody** will be with the wife.

23. **Time-Sharing** will be reasonable and liberal as agreed to by the parties.

## ARTICLE V. CHILD SUPPORT

24. Husband shall pay child support to the Wife in the amount of $3,000 per month which is based on 25% of the husband's anticipated annual income. The child support amount is included in the total payment of $4150 per month that the husband is to pay to the wife pursuant to



paragraph 17. Child support shall terminate after May 2010.

25. **Health Insurance.** Husband shall provide health insurance coverage for the children. Both parents shall equally share any uninsured or un-reimbursed expense. As to these uninsured or un-reimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense.

26. **Life Insurance.** Husband shall be required to maintain life insurance coverage for the benefit of the wife and the parties' minor children in the amount of $1,000,000 until the obligation to pay child support terminates. Wife will pay the premiums.

*Julie Hicks*
JULIE HICKS

Sworn to and subscribed before me, this 27 day of May, 2003.

*[signature]*
NOTARY PUBLIC

*[signature]*
GREG HICKS

Sworn to and subscribed before me, this 23rd day of May, 2003.

*[signature]*
NOTARY PUBLIC

10-12-2003

EXHIBIT B

STATE OF NORTH CAROLINA

FILED
2012 DEC 19 AM 9: 35
POLK COUNTY, C.S.C.
BY _____

COUNTY OF POLK

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 11 CVS 37

GREGORY E. HICKS,
    Plaintiff,

v.

JULIE D. HICKS,
    Defendant,

v.

TY W. RININGER,
    Intervenor.

ORDER ON MOTION FOR
PARTIAL SUMMARY JUDGMENT

This cause came before the undersigned Superior Court Judge Presiding before the Superior Court of Transylvania County, upon due notice of hearing for cross Motions for Summary Judgment in the above captioned Polk County case.

At the call of the case, counsel for Plaintiff and Intervenor Defendant, Travis Greene, announced that he was withdrawing his Motion for Summary Judgment filed on behalf of the Plaintiff.

Further counsel for Defendant announced that his motion was only for partial Summary Judgment.

After hearing the arguments of counsel and considering the brief of Defendant and the case submitted by Plaintiff, the court finds that as to the issue of whether Defendant is entitled to the income and distribution from the 10 % (one unit) share of the J & C Partnership, there is no genuine issue of material fact, and she is entitled to the entry of an order accordingly.

Therefore it is ORDERED as follows:

1. Defendant Julie Hicks is declared and confirmed to be the beneficiary of a 10 % income/distribution interest in the J & C Partnership (which has heretofore and presently in the sum of $4,150.00 per month based upon the current rental value of the warehouse which is held as the asset of said partnership), and accordingly is hereby entitled to all previously tendered and / or paid but undistributed income/distributions and all future income/distribution payments reflecting what was awarded in the parties' 2003 Separation Agreement.

2. Counsel Travis Greene is to issue immediately to Defendant Julie Hicks a check from his escrow account reflecting all proceeds he is holding from the distributions having previously been made from August 2011 forward reflecting the Defendant's 10 % income / distribution interest in the J & C partnership.

3. In the event that notwithstanding this order, the J & C partnership continues to pay any income or distributions from the J & C partnership directly to Plaintiff (or his agent or assign) Plaintiff (or his agent or assign) is/are hereby ordered to pay immediately to Defendant, Julie Hicks, her awarded portion (10% of the total monthly income/distributions to all partners) of any such future income or distributions.

4. Nothing in this order assigns to Defendant an ownership interest in the J & C partnership but only an income interest, and the issue of such ownership is reserved for hearing at a later date.

5. The issues of the effect of the alleged assignment by Plaintiff to the Intervenor of the Plaintiff's 20% ownership interest in the J & C Partnership and the income/ownership rights from the Plaintiff's remaining 10% share claimed by both Plaintiff and Defendant are hereby reserved for hearing at a later date..

This the 19 day of December, 2012.

_____
Mark E. Powell
Superior Court Judge Presiding

A TRUE COPY
CLERK OF SUPERIOR COURT
POLK COUNTY
BY: _____
Assistant Deputy Clerk Superior Court

## CERTIFICATE OF SERVICE

The undersigned Attorney for Defendant hereby certifies that the foregoing Order was served upon the following addressee this date by:

\_\_\_\_ hand delivering a copy thereof to the last known address stated below.

\_\_\_\_ by facsimile at facsimile number – 1-888-359-0349

or by

✓ mailing a copy thereof to the last known address stated below, by depositing same enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.

Addressees: Travis S. Greene, Esquire
104 N. Daniel Morgan Avenue
Spartanburg, SC 29306

This the 19th day of December, 2012.

BAZZLE, CARR & PARCE, P.A.

BY: _____
Eugene M. Carr III
P.O. Box 608
Hendersonville, NC 28793
(828) 697-4327